1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Kohen Diallo Uhuru,                        No. 2:23-cv-00200-KJM-DMC (PC)

12                    Plaintiff,                  ORDER

13          v.

14    Walters et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief

18    under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided

19    by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On June 25, 2024, the magistrate judge filed findings and recommendations, which were

21    served on plaintiff, and which contained notice to all parties that any objections to the findings

22    and recommendations were to be filed within 14 days after being served with the findings and

23    recommendations.  *See* F&Rs, ECF No. 15.  Plaintiff filed an objection to the F&Rs.  *See*

24    Objections, ECF No. 16.

25          The court presumes that any findings of fact are correct.  *See Orand v. United States*,

26    602 F.2d 207–08 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de

27    novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).  ("[D]eterminations of law by

28    */////*

                                                   1

1   the magistrate judge are reviewed de novo by both the district court and [the appellate] court

2   . . . .").

3        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

4   court has conducted a *de novo* review of this case.  Having reviewed the file, the court declines to

5   adopt the findings and recommendations.

6        Plaintiff asks to proceed in forma pauperis, which magistrate judge recommends denying

7   because plaintiff is a "three striker" under 28 U.S.C. § 1915(g).  *See* F&Rs at 1–2.  The magistrate

8   judge cites plaintiff's prior cases that were dismissed for failure to state a viable claim and when

9   amendment would have been futile, and then concludes plaintiff has not properly alleged

10  imminent physical danger. See *id*. at 2.  Plaintiff objects and claims he has alleged imminent

11  danger.  *See* Objections at 3–4.  The issue here is whether plaintiff has properly alleged imminent

12  physical danger, and the court concludes he has.

13       Section 1915 does not permit a "three-striker" to proceed in forma pauperis unless he

14  alleges an imminent danger of serious physical injury. *Andrew v. Cervantes*, 493 F.3d 1047, 1055

15  (9th Cir. 2007). The Ninth Circuit has explained that "imminent" danger means an allegation of

16  "an ongoing danger." *Id.* at 1056 (citation omitted). As a result, an allegation that "prison officials

17  continue with a practice that has injured [plaintiff] or others similarly situated in the past will

18  satisfy the 'ongoing danger' standard." *Id.* at 1057 (citation omitted). That allegation must be

19  "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the

20  court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). As the Ninth Circuit has recognized, the

21  court "must liberally construe [a pro se plaintiff's] allegations." *See Andrews v. Cervantes*,

22  493 F. 3d 1047, 1055 (9th Cir. 2007) (citations omitted).

23       Plaintiff alleges dangers to his physical health owing to the poor ventilation at the prison

24  where he is housed, due to defendants' ADA violations.  *See* FAC at 10, ECF No. 13.  Plaintiff

25  also claims other injuries from ADA violations including retaliatory deprivation of access to a

26  medical walker or wheelchair.  *See id.*  The F&Rs do not address these allegations, stating only

27  that plaintiff is bringing claims relating to religious practice rights.  F&Rs at 2.  The court finds

28  the allegations in the complaint satisfy the imminent danger exception as plaintiff complains of

1  several physical maladies that prison staff were either indifferent to or were allegedly trying to

2  exacerbate.  *See Jackson v. Bick*, 2017 WL 363017, at *2 (E.D. Cal. Jan 24, 2017).  The court

3  recognizes that plaintiff has not provided much detail to support these allegations, but the court

4  construes the pro se plaintiff's allegations liberally and finds the exception is met. *See Andrews*,

5  493 F. 3d at 1055.  Because the magistrate judge has not yet screened the complaint as required

6  by the in forma pauperis statute, *see* 28 U.S.C. § 1915(e)(2), the court refers this matter back to

7  the assigned magistrate judge.

8          Accordingly, IT IS HEREBY ORDERED as follows:

9          1. The findings and recommendations (ECF No. 15) are **not adopted**; and

10         2. This matter is **referred back** to the magistrate judge for further pretrial proceedings

11  consistent with this order.

12         IT IS SO ORDERED

13  DATED  March 5, 2025.

14

15

16                                                     UNITED STATES DISTRICT JUDGE

17

3