1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KOHEN DIALLO E. UHURU,                    No.  2:23-CV-0200-KJM-DMC-P

12                    Plaintiff,

13          v.                                   <u>ORDER</u>

14    WALTERS, et al.,

15                    Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 13.

19              The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22    initiated even if the litigant was subsequently released from custody.  <u>See</u> <u>Olivas v. Nevada ex rel.</u>

23    <u>Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24    portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25    be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u>

26    28 U.S.C. § 1915A(b)(1), (2).

27    / / /

28    / / /

                                                      1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

# I. BACKGROUND

## A.    Procedural History

In addressing Plaintiff's original pro se complaint naming 22 individual defendants, the Court identified various claims which appeared cognizable and others which did not. See ECF No. 12. Specifically, the Court determined as follows:

1.    Plaintiff's religious practice claims regarding the denial of prayer materials and a kosher meals card are cognizable.

2.    Plaintiff's religious practice claim regarding single-cell worship is not cognizable.

3.    Plaintiff also presents cognizable retaliation claims.

4.    Plaintiff's equal protection claims are not cognizable because Plaintiff does not distinguish how he was treated from how similarly situated individuals were treated.

5.    Plaintiff's conditions of confinement claim is not cognizable because he does not show how he was harmed other than that he was uncomfortable with prison staff's choices.

6.    Plaintiff's medical needs claim is not cognizable because he does not plead Defendants acted unnecessarily and wantonly for the purpose of inflicting harm.

7.    Plaintiff's ADA claim is not cognizable because he does not plead a disability connected to the alleged harm.

2

8.      Plaintiff fails to establish causal links for Defendants Forsterer, Banks, Santos, Stacy, Gates, Spaulding, Rogers, Alwazani, Bordewick, and Reynolds sufficient to establish claims against them.

ECF No. 12, pg. 4.

Plaintiff was advised of the defects in his complaint and the applicable legal standards, in particular the rule requiring that Plaintiff allege sufficient facts to establish a causal link between each named individual defendant and a claimed violation of Plaintiff's constitutional or statutory rights.  See id. at 5-16.  Plaintiff was provided an opportunity to file a first amended complaint. See id. at 16-17.

**B.      Plaintiff's Allegations**

As with the original complaint, in the first amended complaint Plaintiff names the following as defendant: (1) Walters, (2) Patrick Covello, (3) Laura Forsterer, (4) M. Banks, (5) Dawn Santos, (6) Lance Eshelman, (7) J. Sunderland, (8) David Smiley, (9) E. Gibson, (10) B. Stacy, (11) S. Gates, (12) Holly Parks, (13) Stephanie Johnson, (14) Spaulding, (15) K. Rogers, (16) E. Alwazani, (17) Reynolds, (18) M. Delgadilo, (19) Kathleen Allison or Jeff Macomber, (20) Annie Bailey, (21) A. Cooper, (22) J. Bordewick, (23-27) unnamed members of the Religious Review Committee at Mule Creek State Prison (MCSP). See ECF No. 13, pgs. 1-2. Plaintiff sues each defendant in their individual and official capacities and presents three claims for relief. See id. at 2.

In Claim I, Plaintiff contends that his First and Fourteenth Amendment rights to free exercise and equal protection were violated. See id. at 6. Plaintiff also alleges a violation of the California Civil Rights of Institutionalized Persons Act. See id.  According to Plaintiff, each named defendant, "acted under color of state law through a series of occurrences . . . and discrimination through a fabricated 'handoff process' without a clinical pathway for Plaintiff's complex biopsychological needs." Id. Plaintiff alleges his constitutional right to practice his religion was violated through denial of his request for solitary in-cell worship, which Plaintiff claims is mandated by his religion "by the highest law in the land." Id. at 7.

/ / /

/ / /

3

1    Plaintiff further alleges that the named defendants subjected Plaintiff to

2    discrimination "because of his religion, nationality, political belief, age, and physical and mental

3    handicap." Id. at 8. Plaintiff lists his mental illnesses to include post-traumatic stress disorder,

4    schizophrenia, bipolar-manic depression, chronic anxiety, post-slavery trauma syndrome,

5    metempsychosis, and obsessive-compulsive disorder. See id. Plaintiff also allegedly advised that

6    "he would kill any homosexual, sodomite, bisexual, LGBTQ pervert, transgender, or [inmates]

7    with male genitalia." Id.

8    In Claim II, Plaintiff alleges his Eighth Amendment right was violated. See id. at

9    10.  Plaintiff contends there were issues with basic necessities, disciplinary proceedings, property,

10   threat to safety, exercise of religion, retaliation, and the Americans with Disabilities Act. See id.

11   Plaintiff alleges that his religious property was denied from his possession from the time of his

12   arrival at the Mule Creek State Prison. See id. Plaintiff contends he was involuntarily placed on

13   quarantine status by Defendants J. Sunderland, E. Gibson, K. Rogers, E. Alwazani, A. Cooper, M.

14   Delgadilo, Kathleen Allison/Jeff Macomber. See id. Plaintiff cites to a mandate by Governor

15   Gavin Newsom which ordered all prison staff and prisoners to wear COVID-19 masks. See id.

16   However, Plaintiff alleges his life was put in imminent danger of serious physical injuries by

17   Defendants being defiant to the mandate. See id. Furthermore, Plaintiff states his 14-day

18   involuntary isolation was cruel and unusual punishment. See id.

19   Plaintiff alleges he was denied outdoor exercise, and "forced to breathe dust, lint,

20   airborne pathogens, and foreign hair follicles." Id. Plaintiff believes this caused him difficulty

21   breathing, chest pains, chronic anxiety, and migraines. See id. Plaintiff also believes his injures

22   were exacerbated through his mental illness when Defendants Covello, Forsterer, Banks, Walters,

23   Eshelman, Smiley, Stacy, Gates, Parks, Johnson, Bordewick, and Reynolds "colluded . . . through

24   a series of transactions, occurrences, with causal connections through personal involvement." Id.

25   Plaintiff further contends Defendant Walter denied allowing Plaintiff to keep his

26   medical equipment in his cell. See id. at 11. As a result, Plaintiff recollects being transported by

27   ambulance to the hospital, which is when Plaintiff suffered injuries from two John Doe

28   defendants. See id. Plaintiff alleges he was illegally cuffed at which point his circulation was cut

4

1   off. See id.

2          In Claim III, Plaintiff alleges violations of free exercise and equal protection

3   pursuant to the First and Fourteenth Amendments, in addition to the Religious Land Use

4   Institutionalized Persons Act. See id. at 14. Plaintiff alleges he was refused ice from the facility in

5   hot temperature weather. See id. Plaintiff also alleges his requests for sufficient food to sustain

6   him were denied. See id. Plaintiff contends all named defendants have substantially burdened

7   Plaintiff from practicing his religion. See id.

8

9                              **II.  DISCUSSION**

10         The Court finds that, despite Plaintiff being advised of the requirement to allege

11  facts to establish a causal link between each named defendant and each claimed violation of

12  Plaintiff's constitutional or statutory rights, the first amended complaint fails to do so.

13         As Plaintiff was previously notified, to state a claim under 42 U.S.C. § 1983, the

14  plaintiff must allege an actual connection or link between the actions of the named defendants and

15  the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v.

16  Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional

17  right, within the meaning of § 1983, if he does an affirmative act, participates in another's

18  affirmative acts, or omits to perform an act which he is legally required to do that causes the

19  deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20  Vague and conclusory allegations concerning the involvement of official personnel in civil rights

21  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in

23  the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

24         Here, Plaintiff's first amended complaint does not present specific facts regarding

25  each of the named defendants' causal role in the alleged constitutional or statutory deprivations.

26  Instead, Plaintiff refers to the defendants collectively as "all defendants" without identifying the

27  specific defendants' involvement with the incident.  While Plaintiff's original complaint appeared

28  to state some cognizable claims, as explained in the Court's prior order and outlined above, the

1   first amended complaint superseded the original complaint, see Ferdik v. Bonzelet, 963 F.2d

2   1258, 1262 (9th Cir. 1992), and the Court cannot look to a prior pleading to make Plaintiff's

3   current pleading complete, see Local Rule 220.  As currently pleaded, the first amended

4   complaint represents a step backwards in Plaintiff's efforts to present cognizable claims.  Plaintiff

5   will be provided one final opportunity to file a further amended complaint consistent with the

6   standards outlined here, and in the Court's prior screening order.

7

8                              **III. CONCLUSION**

9          Because it is possible that the deficiencies identified in this order may be cured by

10   amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

11   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

12   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

13   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

14   amend, all claims alleged in the original complaint which are not alleged in the amended

15   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

16   Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

17   Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

18   complete in itself without reference to any prior pleading.  See id.

19          If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

20   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

21   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

22   each named defendant is involved and must set forth some affirmative link or connection between

23   each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167

24   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25          Finally, Plaintiff is warned that failure to file an amended complaint within the

26   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

27   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

28   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

6

1    <u>See</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

2                    Accordingly, IT IS HEREBY ORDERED that:

3            1.      Plaintiff's first amended complaint is dismissed with leave to amend; and

4            2.      Plaintiff shall file a second amended complaint within 30 days of the date

5    of service of this order.

6

7    Dated:  June 27, 2025

8                                                     _____

9                                                     DENNIS M. COTA
                                                       UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7