**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KOHEN DIALLO E. UHURU,<br>Plaintiff,<br>v.<br>WALTERS, et al.,<br>Defendants. | No. 2:23-CV-0200-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 24.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

In addressing Plaintiff's original pro se complaint naming 22 individual defendants, the Court identified various claims which appeared cognizable and others which did not. See ECF No. 12. Specifically, the Court determined as follows:

1. Plaintiff's religious practice claims regarding the denial of prayer materials and a kosher meals card are cognizable.

2. Plaintiff's religious practice claim regarding single-cell worship is not cognizable.

3. Plaintiff also presents cognizable retaliation claims.

4. Plaintiff's equal protection claims are not cognizable because Plaintiff does not distinguish how he was treated from how similarly situated individuals were treated.

5. Plaintiff's conditions of confinement claim is not cognizable because he does not show how he was harmed other than that he was uncomfortable with prison staff's choices.

6. Plaintiff's medical needs claim is not cognizable because he does not plead Defendants acted unnecessarily and wantonly for the purpose of inflicting harm.

7. Plaintiff's ADA claim is not cognizable because he does not plead a disability connected to the alleged harm.

> 8. Plaintiff fails to establish causal links for Defendants Forsterer, Banks, Santos, Stacy, Gates, Spaulding, Rogers, Alwazani, Bordewick, and Reynolds sufficient to establish claims against them.

ECF No. 12, pg. 4.

Plaintiff was advised of the defects in his complaint and the applicable legal standards, in particular the rule requiring that Plaintiff allege sufficient facts to establish a causal link between each named individual defendant and a claimed violation of Plaintiff's constitutional or statutory rights. See id. at 5-16. Plaintiff was provided an opportunity to file a first amended complaint. See id. at 16-17.

Plaintiff timely filed his first amended complaint and, on June 27, 2025, the Court issued an order addressing its sufficiency in light of the Court's prior orders. See ECF No. 21. The Court summarized Plaintiff's allegations and concluded as follows:

> The Court finds that, despite being advised of the requirement to allege facts to establish a causal link between each named defendant and each claimed violation of Plaintiff's constitutional or statutory rights, the first amended complaint fails to do so.
>
> * * *
>
> Here, Plaintiff's first amended complaint does not present specific facts regarding each of the named defendants' causal role in the alleged constitutional or statutory deprivations. Instead, Plaintiff refers to the defendants collectively as "all defendants" without identifying the specific defendants' involvement with the incident. While Plaintiff's original complaint appeared to state some cognizable claims, as explained in the Court's prior order and outlined above, the first amended complaint superseded the original complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992), and the Court cannot look to a prior pleading to make Plaintiff's current pleading complete, see Local Rule 220. As currently pleaded, the first amended complaint represents a step backwards in Plaintiff's efforts to present cognizable claims. Plaintiff will be provided one final opportunity to file a further amended complaint consistent with the standards outlined here, and in the Court's prior screening order.

ECF No. 21, pgs. 5-6.

Plaintiff timely filed the currently operative second amended complaint on September 2, 2025. See ECF No. 24.

/ / /

/ / /

**B. <u>Plaintiff's Allegations</u>**

Plaintiff names the following as defendants: (1) Walkers, a sergeant at Mule Creek State Prison (MCSP); (2) Patrick Covello, the warden of MCSP; (3) Laura Forsterer, the Chief of Mental Health at MCSP; (4) M. Banks, a lieutenant at MSCP; (5) Dawn Santos, a litigation coordinator at MSCP; (6) Lance Eshelman, the Community Resource Manager at MCSP; (7) J. Sunderland, a correctional officer at MCSP; (8) E. Gibson, a custody case worker at MCSP; (9) B. Stacy, the Chief Deputy Warden at MCSP; (10) S. Gates, Policy and Risk Management Services for the California Correctional Health Care Services, Health Care Correspondence and Appeals Branch; (11) David Smiley, the Chief Executive Officer at MCSP; (12) Holly Parks, the Chief Psychologist at MCSP; (13) Stephanie Johnson, a Senior Psychologist Supervisor at MCSP; (14) Spaulding, a sergeant at MCSP; (15) K. Rogers, a captain at MCSP; (16) E. Alwazani, a lieutenant at MCSP; (17) M. Delgadilo, a custody case worker at MCSP; (18) Annie Bailey, a clinical psychologist at MCSP; (19) Jeffrey Macomber, current or former director of the California Department of Corrections and Rehabilitation (CDCR); (20) Kathleen Allison, current or former director of CDCR; and (21) Gena Jones, current or former director of CDCR. <u>See</u> ECF No. 24, pgs. 6-8.

Plaintiff states that he is a "priest" and uses pronouns such as "They," "Thou," and "Theirs." <u>Id.</u> at 3. He states that he is the "Founder, Spiritual Leader, Professor, priest, and Facilitator for ALL participants, Prophets, Teachers, and Students of the NUBIAN HEBREW ISRAELITES Religious Faith and Practice. . . ." <u>Id.</u> As with the first amended complaint, Plaintiff states facts relating to his religious practice, religious diet, retaliation, and various conditions of confinement claims. <u>See generally</u> <u>id.</u>

## II. DISCUSSION

The Court finds that, while Plaintiff has alleged various facts suggesting cognizable claims, as he did in the first amended complaint, the second amended complaint continues to be bereft of specific facts as to each of the many named defendants to establish a causal link between the named defendants and a specific legal theory of liability.

As Plaintiff has been previously advised, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, the second amended complaint either does not allege facts to link specific defendants to specific conduct, or where defendants are named, they are named in a list of many defendants such that no particular defendant is adequately on notice of the factual basis of Plaintiff's claim. Given that Plaintiff has been previously advised of the appropriate pleading standard and continues to fail to meet that standard, the Court will recommend that this action be dismissed with prejudice for failure to state a claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III. CONCLUSION**

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE